**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRELL TAYLOR, | CASE NO. 1:07-cv-01857-LJO-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM |
| v. | |
| KERN VALLEY STATE PRISON, et al., | |
| Defendants. | (Doc. 1) |
| _____/ | |

**Screening Order**

**I.     Screening Requirement**

Plaintiff Kirell Taylor ("Plaintiff") is a state prisoner proceeding pro se in this action pursuant to 42 U.S.C. § 1981. Plaintiff filed this action on December 20, 2007.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.

1

506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Summary of Plaintiff's Complaint**

Plaintiff is currently housed at Kern Valley State Prison, where the events giving rise to this action allegedly took place. Plaintiff names Kern Valley State Prison, Officer Singleton, Officer D. Farmer, Officer B. Gricewich and Officer L. Wheat as defendants. Plaintiff seeks money damages.

Plaintiff brings this action pursuant to 42 U.S.C. §1981. Plaintiff alleges that on December 11, 2006, he received a check for $30,000,000.00 for deposit into his prison trust account. Plaintiff alleges that defendant Singleton delivered the envelope bearing the check to his cell. Plaintiff alleges that he handed the envelope with the check back to defendant Singleton, and that the money is not in his prison trust account.

Plaintiff alleges that defendant Farmer responded to plaintiff's inmate 602 appeal at the informal level. Plaintiff alleges that defendant Wheat informed plaintiff that the accounting department had not received his check or money order. Plaintiff states that defendant Gricewich screened out plaintiff's grievance.

   A.     42 U.S.C. §1981

Section 1981 provides redress for discrimination based on race. Lowe v. City of Monrovia, 775 F.ed 998, 1010 (9th Cir, 1986) as amended, 784 F.2d 1407 (9th Cir.1986). Section 1981(a) provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts...and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens..." In order to sufficiently plead a violation of section 1981, plaintiff must show intentional discrimination on

account of race. Evans v. McKay, 869 F 2d 1341, 1344 (9th Cir, 1989), Lowe at 1010.

It appears that plaintiff has misconstrued the types of claims properly brought under section 1981. Plaintiff makes no allegation whatsoever that defendants have discriminated against him because of his race. Rather, plaintiff asserts that defendants have somehow impeded his right to make and enforce contracts. Plaintiff's complaint fails to state a cognizable claim under section 1981.

B.   Due Process

To the extent that plaintiff is alleging a violation of the Due Process Clause regarding the deprivation of his property, plaintiff's again fails to state a cognizable claim. The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). In the present case, plaintiff has a meaningful postdeprivation remedy for the loss of his check, since he may pursue a federal torts claim action.

C.   Inmate Appeals Process

Although plaintiff does not allege any violation of 42 U.S.C.1983, he has raised allegations concerning defendant Wheat, Farmer and Gricewich's involvement in resolving plaintiff's inmate grievances. For this reason, the court shall provide plaintiff with the applicable legal standard, in order to explain the deficiencies with his claim.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for

which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action. Buckley, 997 F.2d at 495.

Defendants Farmer, Gricewich and Wheat's actions in responding to plaintiff's appeal, alone, cannot give rise to any claims for relief under section 1983. Accordingly, plaintiff fails to state any claims upon which relief may be granted under section 1983.

D.   Kern Valley State Prison

With respect to plaintiff's allegations against defendant Kern Valley State Prison, the Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). Plaintiff may not bring suit against defendant Kern Valley State Prison.

**III.   Conclusion**

The court finds that plaintiff's allegations do not give rise to cognizable claims for relief under section 1981. In light of the fact that plaintiff alleges no racial discrimination to support a section 1981 claim, and fails to state any cognizable due process claim, the court recommends that

1  plaintiff not be given leave to amend.

2　　　　Accordingly, it is HEREBY RECOMMENDED that this action be dismissed with prejudice,
3  for plaintiff's failure to state a claim for relief.

4　　　　These Findings and Recommendations will be submitted to the United States District Judge
5  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**
6  **days** after being served with these Findings and Recommendations, plaintiff may file written
7  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
8  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
9  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d
10 1153 (9th Cir. 1991).

11　　　　IT IS SO ORDERED.

12　　　**Dated:   August 25, 2008**　　　　　　　　　　/s/ **Dennis L. Beck**
　　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE